IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KIP A. FARTHING**,

        Plaintiff,

v.

**ERIN KELLY SIEL**,

        Defendant.

Case No. 3:14-cv-00804-SI

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

      Plaintiff, Kip A. Farthing, filed claims *pro se* against Defendant Erin Kelly Siel, the Director of the Department of Human Services in Oregon. Dkt. 2. Plaintiff also filed an application to proceed *in forma pauperis* (Dkt. 1) and moved for the appointment of a *pro bono* attorney. Dkt. 3. The Court granted Plaintiff's motion to proceed *in forma pauperis* (Dkt. 9) and denied Plaintiff's motion for the appointment of a *pro bono* attorney. Dkt. 12. Defendant filed her Motion to Dismiss (Dkt. 6) in this matter on June 10, 2014, before service of the complaint and summons. As a result, the Court stayed the briefing schedule for Defendant's Motion to Dismiss until after service of process. Plaintiff's response to the motion was due August 18, 2014. Dkt. 10. Plaintiff failed to file a response and the Court granted an extension for Plaintiff

PAGE 1 – OPINION AND ORDER

to file a response no later than September 9, 2014. Dkt. 15. To date, Plaintiff has filed no response to Defendant's motion.

Under the liberal pleading standards afforded to filings of a *pro se* plaintiff, the Court finds that Plaintiff fails to state a claim upon which relief may be granted. Plaintiff's claims are also barred by the Eleventh Amendment and state law notice requirements. Accordingly, for the reasons stated below, this case is dismissed.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

expense of discovery and continued litigation." *Baca*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

On May 15, 2014, Plaintiff filed the Complaint in this action. He alleges four claims against Defendant: (1) "taxation without representation"; (2) "refusing to take valid grievances and return written disposition as required by law"; (3) "wrongful and illegal exclusion resulting in a false arrest by refusing me a fair hearing required by law so they can prove me guilty and not forcing me to prove myself innocent with no venue to do so in. Also, illegal and unconstitutional as well"; and (4) "laughing at someone begging for help instead of accommodating his needs as required by the [Americans with Disabilities Act "ADA"]. All of these people that are associated

PAGE 3 – OPINION AND ORDER

with this violation of my civil rights as well as basic human rights should be fired (terminated) and lose their P.E.R.S. especially and including my ex primary care doctor, Amy Hennegre." Farthing seeks $250,000 in damages.

## DISCUSSION

### A. Failure to State a Claim

Plaintiff's Complaint fails to state a claim under federal law. Plaintiff's first and second claims make no relevant factual allegations, let alone facts that could plausibly give rise to a claim under state or federal law. Plaintiff's third claim appears to allege the tort of false arrest. This claim, however, states only that Plaintiff faced "wrongful and illegal exclusion" and was refused a fair hearing, but provides no further information. Plaintiff's fourth claim for violation of the ADA alleges only that Plaintiff's primary care doctor Amy Hennegre and other unidentified persons laughed at Plaintiff and did not accommodate his needs.

Interpreting the facts in the Complaint under the liberal *pro se* pleading standard and affording the Plaintiff "the benefit of any reasonable doubt," the Complaint contains no facts that could support a cause of action under the United States Constitution, the ADA, another federal law, or relevant state law. Accordingly, the Court holds that the Complaint fails to state a claim on which relief may be granted.

### B. Oregon Tort Claim Notice

Even if Plaintiff had plausibly asserted a claim for false arrest, that claim would be barred because Plaintiff failed to file an Oregon Tort Claims Notice as required by Or. Rev. Stat. § 30.275(a). This statute provides: "No action arising from any act or omission of a public body or an officer, employee or agent of a public body arising within the scope of ORS 30.260 to 30.300 [torts] shall be maintained unless notice of claim is given as required in this section." Or.

Rev. Stat. § 30.275(a). Therefore, Plaintiff's failure to file the required Oregon Tort Claims Notice is a separate and independent basis requiring dismissal of Plaintiff's claim for false arrest.

## C. Eleventh Amendment

This action is brought against Erin Kelley Siel, the Director of the Department of Human Services. Plaintiff makes no allegations that Ms. Siel personally took any action against plaintiff. Therefore, the Court assumes the action is brought against her in her official capacity. Accordingly, Plaintiff's claims for money damages for "taxation without representation," refusal to take grievances, and false arrest are barred by the Eleventh Amendment. *Brown v. Oregon Dept. of Corrections,* ___ F.3d ___, 2014 WL 1687758 at *5 (9th Cir. April 29, 2014) (noting that damages claims against state officials in their official capacities are barred by the Eleventh Amendment); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984) ("It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Because an Eleventh Amendment violation cannot be cured by amendment, these claims are dismissed with prejudice.

Plaintiff's claim under the ADA is a different matter. Plaintiff cannot seek damages under the ADA against the defendant in her individual capacity. *See Eason v. Clark County School Dist.,* 303 F.3d 1137, 1145 (9th Cir. 2002). The Eleventh Amendment does not, however, necessarily bar ADA suits against state officials in their official capacities for injunctive relief or damages. *See Phiffer v. Columbia River Corr. Inst.,* 384 F.3d 791, 791-92 (9th Cir. 2004); *Video Gaming Technologies, Inc. v. Bureau of Gambling Control*, 621 F. Supp. 2d 918, 920 (E.D. Cal. 2008) ("The Ninth Circuit has repeatedly found that Congress validly abrogated state immunity when it enacted Title II of the ADA.").

To state a claim for disability discrimination under Title II of the ADA, Plaintiff must allege four elements:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services . . . or was otherwise discriminated against by the public entity; and (4) such exclusion, denial . . . or discrimination was by reason of his disability.

*McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004) (citation and internal quotation marks omitted). To recover monetary damages under Title II of the ADA, Plaintiff must establish intentional discrimination on the part of the state officials. *Ferguson v. City of Phoenix,* 157 F.3d 668, 674 (9th Cir. 1998).

In determining under the ADA whether a defendant acted with intentional discrimination towards a plaintiff because of his or her disability, the United States Court of Appeals for the Ninth Circuit applies the "deliberate indifference" standard. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001); *see also Daniel v. Levin*, 172 F. App'x 147, 150 (9th Cir. 2006) (unpublished) (applying the "deliberate indifference" standard to the discriminatory intent requirement for ADA claims). A defendant acts with deliberate indifference only if: (1) the defendant has knowledge from which an inference could be drawn that a harm to a federally protected right is substantially likely; and (2) the defendant actually draws that inference and fails to act upon the likelihood. *See Duvall*, 260 F.3d at 1138-39; *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). The first element is satisfied when the public entity has notice that an accommodation is required. *Duvall*, 260 F.3d at 1139. The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* Under the second element, "a public entity does not 'act' by

proffering just any accommodation: it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable." *Id.* (footnote omitted).

Plaintiff has failed to state facts sufficient to state a claim under the ADA or to demonstrate intentional discrimination. Accordingly, Plaintiff's ADA claim is dismissed. Because that claim is not necessarily barred by the Eleventh Amendment, however, the Court dismisses Plaintiff's ADA claim without prejudice.

## CONCLUSION

Defendant's motion to dismiss (Dkt. 6) is GRANTED. Plaintiff's claim under the ADA is dismissed without prejudice; his remaining claims are dismissed with prejudice. Plaintiff may file an amended complaint as to his ADA claim within 30 days of the date of this Opinion if he can cure the deficiencies identified in this Opinion.

**IT IS SO ORDERED.**

DATED this 9th day of October, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 7 – OPINION AND ORDER